UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80159-CIV-RYSKAMP/VITUNAC

COVENTRY FIRST LLC,

      Plaintiff,

v.

THE JEROME GOLDEN IRREVOCABLE
INSURANCE TRUST DATED NOVEMBER 3, 2006,
and BARBARA GOLDEN, as Trustee of the
Jerome Golden Irrevocable Trust
Dated November 3, 2006,

      Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon defendant's motion to dismiss and incorporated memorandum of law **[DE 4]**, filed on May 4, 2009. Plaintiff responded **[DE 12]** on June 4, 2009. Defendant replied **[DE 18]** on June 29, 2009. The motion is now fully briefed and ripe for adjudication.

**I.      Introduction**

This is a civil action brought by plaintiff against defendants alleging a breach of contract for the sale of The Jerome Golden Irrevocable Insurance Trust Dated November 3, 2006 ("Irrevocable Trust"). This suit is brought pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332 since the parties are completely diverse and the amount in controversy exceeds $75,000.00. The following facts are based on plaintiff's allegations contained in his complaint **[DE 1]**.

Jerome Golden established an irrevocable trust known as The Jerome Golden Irrevocable

Insurance Trust Dated November 3, 2006 ("Irrevocable Trust") and named Barbara Golden ("Trustee") the trustee and sole beneficiary. On November 13, 2006, the Irrevocable Trust applied for a life insurance policy for Jerome Golden from AXA Equitable Life Insurance Company ("AXA"). On December 29, 2006, AXA issued a $12.5 million policy (Policy No. 156228210) to the Irrevocable Trust on Jerome Golden's life.

To maintain the policy, the Irrevocable Trust agreed to pay annual premiums in the amount of $525,000.00. Alternatively, the Irrevocable Trust could keep the policy in full effect by ensuring that the "Net Policy Account Value" (amount in the policy account minus any policy loan and accrued interest) was sufficient to cover "Monthly Deductions." Pursuant to the terms of the policy, failure to comply with either of the above would result in a thirty day "grace period" beginning on the next "monthly policy anniversary." AXA was contractually obligated to provide the Irrevocable Trust with written notification of the grace period and state the amount of payment due. If the Irrevocable Trust did not provide sufficient funds before the expiration of the grace period, AXA could terminate the policy without value and keep the balance of the Policy Account.

On October 8, 2008, the Irrevocable Trust's life insurance policy entered the grace period. In November, while the policy was still in the grace period, the Trustee asked plaintiff, Coventry First, to purchase the policy. Before agreeing to the purchase, plaintiff asked the Trustee to make several "representations and warranties, on which [plaintiff] reasonably relied, and the accuracy of which were material to [plaintiff's] decision to purchase the Policy."

On November 18, 2008, the parties signed the Viatical Settlement Contract to finalize the purchase. In Section 3.1 of the contract, the Trustee made the following representations and warranties: (1) "[T]here are no set of facts or circumstances in existence as of the date hereof

which could serve as a defense to payment by the Insurer upon the death of the Insured;" (2) "There are no unpaid premiums on the Policy;" (3) "[T]he Policy is in full force and effect and has not lapsed," and (4) "[A]ll of the information contained in any of the documents delivered to [Coventry] is true, complete and correct . . . ." Plaintiff contends the Irrevocable Trust and the Trustee knew that they had not paid the premiums and that the policy was in a grace period at all relevant times.

After signing the contract, plaintiff learned for the first time that the policy was in a grace period and that the Trustee's representations were false. In a letter dated December 4, 2008, AXA threatened to terminate the policy unless AXA received $94,242.00 by December 8, 2008.[1] Plaintiff, however, did not receive the notice until December 11, 2008, three days after the policy was terminated.

Plaintiff alleges one count of breach of contract. Defendant moves to dismiss this claim.

## II.    Standard of Law on Motion to Dismiss

A motion to dismiss tests the sufficiency of the complaint; it does not decide the merits of the case. *See Wein v. American Huts, Inc.*, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004). Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when "the factual allegations allow the court to draw the

---

[1] The complaint stated that the grace period was to last for thirty days. Since the policy entered the grace period on October 8, 2009, it is unclear to this Court why the policy remained in effect until December 8, 2009. A thirty day grace period should have expired on November 7, 2009.

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).  This plausibility standard does not require probability, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and construe them in the light most favorable to the plaintiff.  *Beck v. Deloitte & Touche et al.*, 144 F.3d 732, 735 (11th Cir. 1998).  A court need not, however, accept mere conclusory statements as true.  *Twombly*, 550 U.S. 556.  Also, a reviewing court may need to draw on its experience and common sense to determine whether the complaint states a plausible claim. *Id*.

The Eleventh Circuit has noted that "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low."  *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) (quotations omitted).  Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.  *See Wein*, 313 F.Supp 2d at 1359.

**III.    Discussion**

A breach of contract is a "violation of a contractual obligation by failing to perform one's own promise, by repudiating it, or by interfering with another party's performance."  Black's Law Dictionary 200 (8th ed. 2004).  A "material breach" excuses the innocent party from further performance and allows the recovery of damages.  *Id*.  To set forth a claim for breach of contract, Florida law requires the plaintiff to allege: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach.  *Vega v. T- Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009).

In the present case, both parties agree that the first prong is satisfied by the existence of the Viatical Settlement Contract. As to the second prong, plaintiff alleges that defendant materially breached the contract "by providing false representations and warranties . . . selling a policy that was in the Grace Period . . . [and] failing to pay premiums on the Policy or ensuring the Policy was in full force and effect." Plaintiff further claims that defendant's material breach resulted in damages in excess of $75,000.00, satisfying the third prong. Taking all well-pled facts to be true, and viewing them in the light most favorable to plaintiff, the allegations are sufficient to show all elements of for a breach of contract claim.

IV.   **Conclusion**

Accordingly, it is hereby,

ORDERED AND ADJUDGED that defendants' motion to dismiss **[DE 4]** is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 9 day of July, 2009.

/s/ Kenneth L. Ryskamp

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record